NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
SYLVIA ESTELA TOMMAS                    :
                                        :
       Plaintiff,                       :
                                        :    Civil Action No. 10-2495(CCC)
       v.                               :
                                        :    OPINION
MICHAEL J. ASTRUE, COMMISSIONER         :
OF SOCIAL SECURITY,                     :
                                        :
       Defendant.                       :
_____:

CECCHI, District Judge.

Plaintiff Sylvia Tommas ("Plaintiff") seeks review of Administrative Law Judge Donna Krappa's ("ALJ") finding that she was not disabled and thus not eligible for Social Security Disability Benefits for the period of time after June 23, 2007. Plaintiff requests that the case be remanded so that the ALJ may consider new medical evidence that supports Plaintiff's disability claim. The Commissioner of Social Security concedes that the ALJ failed to substantiate her findings, and requests that the decision be reversed and remanded under 42 U.S.C. § 405(g) so that the ALJ may properly assess Plaintiff's disability status. The Court vacates the ALJ's decision denying Plaintiff Social Security benefits and remands this matter so that the ALJ can consider Plaintiff's new evidence and substantiate her findings.

### I.   FACTS

**A.    Factual History Predating the ALJ's Decision**

On March 4, 2005, Plaintiff fell outside of her workplace after stepping in a pothole. Admin. R. at 18, ECF No. 9. Plaintiff alleges that as a result of the fall she experienced inability

1

to walk, numbness, headaches, and pain, and was thus unable to work in her prior job as a bank teller, receptionist, and billing clerk. Id. Plaintiff has not worked since the accident and has been unsuccessful in her attempts to return to work. Admin. R. 18, 56-57; Pl.'s Br. 2, Mar. 4, 2011, ECF No. 13 ("I attempted to return to work but even on the very first day I could not sit at my desk for more than a minute without excruciating pain.").

From 2005 to 2007, Dr. Robert Fernand treated Plaintiff's lumbar spine (lower back) for pain that had allegedly resulted from her fall. Admin. R. 473-506, 543-96. Dr. Fernand diagnosed Plaintiff with degenerative disk disease, and on January 22, 2007, performed back surgery on Plaintiff. Id. at 543-44, 570. In addition to back pains, in June 2005 Plaintiff began to complain of neck pains. See eg., id. at 500 (Quoting Dr. Fernand: "[s]he complains of neck pain . . . mild, intermittent, dull, and pulling . . . chronic, but intermittent problem with an acute exacerbation . . . onset of current pain was 3/04/05."). Dr. Fernand did not find any medical reason for Plaintiff's *severe* neck pain. Id. ("NECK: supple, full ROM [Range of Motion]; no thyromegaly; no carotid bruits"). According to Dr. Fernand's records, by July 2005 Plaintiff asserted that she no longer had neck pains. Id. at 497, 557 (explaining that "patient does not complain [sic] of any significant pain at this time. The patient states that her neck symptoms had resolved."). In April 2007, Plaintiff again complained of chronic and reoccurring pains in her neck. Id. at 575. Dr. Fernand advised Plaintiff "that her symptoms appear to be out of proportion to physical findings," and recommended that Plaintiff return to work. Id. at 579.

**B.     Factual History Postdating the ALJ's Decision**

Plaintiff married her husband in 2010, entitling her to health insurance coverage. See Pl.'s Br. 2. In 2010, Plaintiff used her newly acquired medical insurance to consult physicians about her cervical spine. See id. at 2-10, 13-14. After an MRI and CT scan, Doctor Noel Perin and Doctor Arnold Criscitiello diagnosed Plaintiff with cord compression at the C4/C5 and

C6/C7.  Id. at 5, 13.  Additionally, Dr. Perin diagnosed Plaintiff with myelopathy.  Id. at 5.  Plaintiff claims she will need to undergo neck surgery.  See id. at 4, 10.

## II. PROCEDURAL HISTORY

On January 9, 2006, Plaintiff filed for disability insurance benefits for the time period postdating March 4, 2005, the date of her fall.  Admin. R. 13.  Plaintiff's application "was denied [both] initially on August 15, 2006, and upon reconsideration on January 5, 2007."  Id.  Plaintiff requested and obtained a rehearing, which occurred on September 8, 2008.  Id.  There was a supplemental hearing on November 19, 2008, at which a vocational expert, Rocco J. Meola, testified about Plaintiff's past relevant work experience.  Id. at 13, 21 (Meola "opined that the claimant could perform none of her past relevant work because the skill levels exceeded that found in the residual functional capacity.").  The ALJ found that Plaintiff had low residual functional capacity ("RFC") and could not perform her past relevant work or any other work in the national economy between March 4, 2005 and June 23, 2007.  Admin. R. at 20-21.  Thus, the ALJ held that Plaintiff was disabled from March 4, 2005 until June 23, 2007.  Id.  The ALJ found, however, that on and after June 23, 2007, Plaintiff's condition improved such that her impairments did not match any listed in Appendix 1 of 20 C.F.R. pt. 404, subpt. P.  Id. at 22.  The ALJ assessed Plaintiff's RFC as being able

> to, in an eight hour workday, sit up to six hours, stand/walk up to six hours and lift/carry up to 20 pounds occasionally and ten pounds frequently. . . . The claimant is able to perform work involving occasional climbing of ladders/ropes/scaffolds, balancing, stooping, and/or crouching. . . . The claimant is able to perform simple, unskilled, and repetitive work.

Admin. R. 22.  In rejecting Plaintiff's subjective complaints of neck pain based on a lack of objective medical evidence, the ALJ held that although Plaintiff could not perform her past relevant work, she could perform other work in the economy and was therefore not disabled.  Id. at 22-25.  The ALJ noted that had she given credit to Plaintiff's subjective complaints, she may

have found Plaintiff to be disabled. Id. at 24. On February 9, 2009, Plaintiff appealed the ALJ's decision denying her disability benefits for the time period after June 23, 2007. Id. at 7. The Social Security Appeals Council declined to review the ALJ's decision. Notice of Appeals Council Action 1, Dec. 8, 2010, ECF No. 9-2. On May 13, 2011, Plaintiff filed an appeal asking this Court to review the ALJ's holding. Compl. May 13, 2010, ECF No. 1.

### III.   DISCUSSION

**A.   Legal Standards**

*1.   Standard for Determining Disability*

Pursuant to the Social Security Act, to receive Supplemental Security Income Benefits, a claimant must show that he is disabled by demonstrating that he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A) 1382c(a)(3)(A). Taking into account the claimant's age, education, and work experience, disability will be evaluated by the claimant's ability to engage in his previous work or any other form of substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A) and 1382c(a)(3)(B). Thus, the claimant's physical or mental impairments must be "of such a severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy...." Id. Impairments that affect the claimant's "ability to meet the strength demands of jobs" with respect to "sitting, standing, walking, lifting, carrying, pushing, and pulling" are considered *exertional* limitations. 20 C.F.R. § 404.1569a; Sykes v. Apfel, 228 F.3d 259, 263 (3d Cir.2000). All other impairments are considered *nonexertional*. See Sykes, 228 F.3d at 263. Decisions regarding disability will be made individually and will be based on

evidence adduced at a hearing. Id. at 262 (citing Heckler v. Campbell, 461 U.S. 458, 467, 103 S.Ct. 1952, 76, L.Ed.2d 66 (1983)). Congress has established the type of evidence necessary to prove the existence of a disabling impairment by defining a physical or mental impairment as "an impairment that results from anatomical, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3) and 1382c(a)(3)(C).

The Social Security Administration follows a five-step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. The evaluation will continue through each step unless it can be determined, at any point, that the claimant is or is not disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one, two, and four, upon which the burden shifts to the Commissioner at step five. Sykes, 228 F.3d at 263 (3d Cir. 2000). Neither party bears the burden at step three. Id. at 263, n.2.

At step one, the claimant's work activity is assessed, and the claimant must demonstrate that he is not engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). An individual is engaging in substantial gainful activity if he is doing significant physical or mental activities for pay or profit. 20 C.F.R. §§ 404.1572, 416.972. If the claimant is engaged in substantial gainful activity, he will be found not disabled and the analysis will stop, regardless of claimant's medical condition, age, education, or work experience. 20 C.F.R. §§ 404.1520(b), 416.920(b). If the individual is not engaging in substantial gainful activity, the analysis proceeds to the second step. At step two, the claimant must show he has a medically determinable "severe" impairment or a combination of impairments that is "severe." 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Impairment is severe when it significantly limits an individual's physical or mental ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). It is not severe when medical evidence shows only a slight abnormality

or minimal effect on an individual's ability to work. See Leonardo v. Comm'r of Social Sec., Civ. No. 10-1498, 2010 WL 4747173, at *4 (D.N.J. 2010). If the claimant does not have a medically determinable severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii) & (c), 416.920(a)(4)(ii) & (c). If the claimant has a severe impairment, the analysis proceeds to the third step.

At step three, the ALJ must determine, based on the medical evidence, whether the claimant's impairment matches or is equivalent to a listed impairment found in the Social Security Regulations' "Listings of Impairments" found in 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairments are the same or equivalent to those listed, the claimant is *per se* disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d); Burnett v. Comm'r of Soc. Sec., 220 F.3d 112, 119 (3d Cir. 2000). At this point, the ALJ must set forth the reasons for his findings. Burnett, 220 F.3d at 119. The Third Circuit requires the ALJ to identify the relevant listings and explain his reasoning using the evidence. Id. Simple conclusory remarks will not be sufficient and will leave the ALJ's decision "beyond meaningful judicial review." Id.

When the claimant does not suffer from a listed impairment or an equivalent, the analysis proceeds to step four. At step four, the ALJ must determine whether the claimant's residual functional capacity enables him to perform his past relevant work. 20 C.F.R.§§ 404.1520(a)(4)(iv), 416.920 (a)(4)(iv). This step involves three substeps: (1) the ALJ must make specific findings of fact as to the claimant's residual functional capacity; (2) the ALJ must make findings of the physical and mental demands of the claimant's past relevant work; and (3) The ALJ must compare the residual functional capacity to the past relevant work to determine whether the claimant has the capability to perform the past relevant work. Burnett, 220 F.3d at 120. The Social Security Administration often classifies residual functional capacity and past

work by physical exertion requirements from "sedentary" to "very heavy work." See id.; 20 C.F.R. § 404.1567. If the claimant can perform his past work, the ALJ will find that he is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant lacks the residual functional capacity to perform any work he has done in the past, the analysis proceeds to the fifth and last step.

At step five, the Social Security Administration Commissioner must show that, based on the claimant's residual functional capacity and other vocational factors, there is a significant amount of other work in the national economy that the claimant can perform. 20 C.F.R. §§404.1520(a)(4)(v); 416.920(a)(4)(v). During this final step, the burden lies with the government to show that the claimant is not disabled by demonstrating that there is other substantial, gainful work that the claimant could perform, given his age, education, work experience and residual functional capacity. See Rutherford v. Barnhart, 399 F.3d 546, 551 (3d Cir. 2005); Sykes, 228 F.3d at 263. If the Commissioner cannot show there are other jobs for the claimant in the national economy, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

   2.   *Standard of Review*

This Court has jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g). It is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder" but must give deference to the administrative findings. Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir.1992); see also 42 U.S.C. § 405(g). Nevertheless, the Court must "scrutinize the record as a whole to determine whether the conclusions reached are rational" and supported by substantial evidence. See Gober v. Matthews, 574 F.2d 772, 776 (3d Cir.1978) (citations omitted). Substantial evidence is "more than a mere scintilla" and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v.

7

Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (citations omitted).  If the factual record is adequately developed, substantial evidence "may be 'something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'"  Daniels v. Astrue, 2009 U.S. Dist. LEXIS 32110, at *7 (M.D.Pa. Apr. 15, 2009) (quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620, 86 S.Ct. 1018, 16 L.Ed.2d 131 (1966)).

This Court may not set aside the ALJ's decision merely because it would have come to a different conclusion.  Cruz v. Comm'r of Soc. Sec., 244 Fed. Appx. 475, 479 (3d Cir. 2007) (citing Hartranft, 181 F.3d at 360).  However, "where there is conflicting evidence, the ALJ must explain which evidence he accepts and which he rejects, and the reasons for that determination."  Cruz, 244 Fed. Appx. at 479 (citing Hargenrader v. Califano, 575 F.2d 434, 437 (3d Cir.1978)).  Where the Commissioner has rejected competent medical evidence, the ALJ must adequately explain his reasons and provide the rationale behind his decision. See Brewster v. Heckler, 786 F.2d 581, 585 (3d Cir.1986).  Given the totality of the evidence, including objective medical facts, diagnoses and medical opinions, and subjective evidence of pain, the reviewing court must determine whether the Commissioner's decision is adequately supported.  See Curtain v. Harris, 508 F.Supp. 791, 793 (D.N.J.1981).  Generally, medical opinions consistent with other evidence are given more weight while opinions inconsistent with the evidence or with themselves are subject to additional scrutiny.  20 C.F.R. § 416.927.  Overall, the substantial evidence standard requires deference to inferences drawn by the ALJ from the facts if those inferences are supported by substantial evidence.  Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir.1999).  District courts may review decisions of the Commissioner of Social Security to make sure that they are supported by "substantial evidence." See Plummer v. Apfel, 186 F.3d

8

422, 427 (3d Cir. 1999) (citing Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir. 1994)).

**B.      Remand for Failure to Substantiate Findings**

Remand is appropriate where a portion of the ALJ's decision is not substantiated, making it "impossible to determine whether the ALJ's finding . . . is supported by substantial evidence." See Fargnoli v. Massanari, 247 F.3d 34, 40 (3d Cir. 2001). Remand is the appropriate remedy where an ALJ has failed to explain the reasoning behind her findings, as required under SSR 96-8p. Pearson v. Barnhart, 380 F. Supp. 2d 496, 506-08 (D.N.J. 2005) (citations omitted) (considering an ALJ's failure to follow SSR 96-8p); see also, Fargnoli 247 F.3d at 41 ("[T]he ALJ's finding of residual capacity must 'be accompanied by a clear and satisfactory explication of the basis on which it rests.'" (quoting Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981)); Kress v. Barnhart, 297 F. Supp. 2d 623, 624 (W.D.N.Y. 2004) (granting the Commissioner's motion to remand instead of ordering a reversal where the ALJ failed to "explain adequately the basis" of the RFC determination).

In the present case, the Commissioner has moved to remand the case to the ALJ so that the ALJ may provide support for her findings. See Comm'r Memo. 4. The government concedes that the ALJ did not "provide an appropriate rationale" for her decision on Plaintiff's RFC. See id. at 9. As the Commissioner asserts in his memo, the ALJ's decision violates Social Security Rulings 96-8p and 96-9p, which requires an explanation of how the ALJ arrived at her conclusions based on the evidence on the record. SSR 96-8p, 1996 WL 374184 (S.S.A.), at *7, 1996 SSR LEXIS 5, at *19 ("The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."); SSR 96-9p, 1996 WL 374185 (S.S.A.), at *5, 1996 SSR LEXIS 6, at *15 ("The RFC assessment must include a narrative that shows the presence and degree of any specific limitations and restrictions, as well

as an explanation of how the evidence in file was considered in the assessment."); Comm.'s Mot., 8-9.  Therefore, the government argues that the ALJ failed to substantiate her findings when applying the Social Security five-step evaluation and when determining Plaintiff's RFC. See Admin. R.; see also Def.'s Br. In Support of Mot. To Remand, ECF No. 14, Apr. 4, 2011. Thus, reversal and remand is appropriate in this case.  See Fargnoli, 247 F.3d at 40; Pearson, 380 F. Supp. 2d 508.

C.     **Remand for New Evidence**

Remand is also appropriate when "the district court learns of evidence not in existence or available to the claimant at the time of the administrative proceeding that might have changed the outcome of that proceeding."  See Sullivan v. Finkelstein, 496 U.S. 617, 626 (1990) (footnote omitted).  The Court may, in circumstances of new evidence, "order additional evidence to be taken before the Commissioner of Social Security." § 405(g).  Remand is appropriate if "there is new evidence which is material and . . . there is good cause for the failure to incorporate such evidence into the record in the prior proceeding."  § 405(g).  Material evidence is that which is "not merely cumulative of what is already in the record."  Szubak v. Sec'y of Health and Human Servs., 745 F.2d 831, 833 (3d Cir. 1984) (per curiam) (citation omitted).  Material evidence is "relevant and probative," and must pose a "reasonable possibility" of changing the ALJ's decision.  See id. (citations omitted).  An "implicit" requirement of materiality is that the evidence must "relate to the time period for which benefits were denied."  See id. (citation omitted).  Moreover, the new evidence cannot be of either "a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition."  See id. (citation omitted). A plaintiff must "demonstrate good cause" for her failure "to incorporate the new evidence into the administrative record."  Szubak, 745 F.2d at 833 (citation omitted) (explaining that the new evidence's non-existence at the time of the ALJ hearing was an adequate justification for the new

10

evidence not being part of the administrative record).

New evidence may be presented only when the evidence raises a "reasonable possibility of reversal" of the ALJ's decision. Newhouse v. Heckler, 753 F.2d 283, 287 (3d Cir. 1985) (holding that evidence of a surgery a year after the end of disability status would provide "clinical data" that the ALJ did not have access to when the claimant's subjective complaints were found to be incredible). Furthermore, the Third Circuit has held that

> [t]he burden of such a showing is not great. A "reasonable possibility," while requiring more than a minimal showing, need not meet a preponderance test. Instead, it is adequate if the new evidence is material and there is a reasonable possibility that it is sufficient to warrant a different outcome.

Id. Other circuits have considered evidence that post-dates the end of disability status to be material and relevant to the preceding period of disability. Smith v. Bowen, 849 F.2d 1222, 1225-26 (9th Cir. 1988) (citations omitted) (citing cases from the Second, Fourth, Seventh, Eighth, and Eleventh Circuits). The Third Circuit has found that new evidence that post-dates the end of disability status may allow the ALJ to consider the period of disability in a different light, and could be directly relevant to the determination of an individual's disability status. See Stewart 714 F.2d 287, 291 (3d Cir. 1983). Furthermore, the Third Circuit has stated that new evidence can be used to support pre-existing subjective complaints of pain. See id.

In her decision, the ALJ stated that there was no medical evidence to support Plaintiff's claim at the time of the hearing. Admin. R. 23. Though claimants have the burden of presenting medical evidence that supports subjective claims of pain, see Williams, 970 F.2d at 1186; 42 C.F.R. § 404.1529(a) (2011), it is not apparent in the Administrative Record that Plaintiff supported her complaints with medical evidence when appearing before the ALJ. See Admin. R. Thus, the ALJ may have properly rejected Plaintiff's subjective complaints of pain because Plaintiff did not establish that she had "an impairment that results from anatomical, or

11

psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3) and 1382c(a)(3)(C).

However, Plaintiff argues that the case should be remanded because new material evidence postdating the ALJ's decision supports her claim of disability. Pl.'s Br. 1. Plaintiff claims that the new evidence may substantiate her pre-existing subjective complaints of pain by providing a detailed discussion of the physical condition of Plaintiff's cervical spine. See Pl.'s Br. 2-14. Furthermore, Plaintiff alleges that the proposed new medical evidence details injuries that resulted in March 4, 2005. Id. at 2. The ALJ stated that she may have found Plaintiff to be disabled had the subjective complaints of pain been credible. Admin. R. 24. Thus, there is a reasonable possibility that the ALJ will alter her previous decision when considering the proposed new evidence.

In addition, the proposed new evidence appears to be material and relevant. The evidence is not cumulative of that already in the Administrative Record. The evidence in the Administrative Record does not discuss Plaintiff's spine in any great detail. See Admin. R. 545-46, 588 (noting only that Plaintiff suffered from herniated discs, disc bulging, and degeneration of the cervical spine). While there is evidence that Plaintiff's neck began to hurt soon after her fall, the symptoms appeared to have disappeared until after Plaintiff's spinal surgery. Admin. R. 500-05, 497, 575-96. In contrast, the proposed new evidence provides a medical diagnosis of Plaintiff's cervical spine pain. Pl.'s Br. 5 (Dr. Perin noted "in addition to the myelopahy that she has on examination . . . [t]he MRI and CT scan showed significant cord compression."). Plaintiff's proposed new evidence discusses a number of conditions that were not presented in the Administrative Record, such as myelopathy, cord impingement, cervical spondylosis, and canal stenosis. See Pl.'s Br. 5, 7. Moreover, the proposed new evidence is relevant because it supports Plaintiff's subjective complaints of pain, and presents a reasonable possibility that the

ALJ may alter her original findings. Thus, Plaintiff's new evidence is material and relevant, under the requirements of 42 U.S.C. § 405(g), and should be considered on remand.

The purported new evidence was allegedly unavailable until after the ALJ hearing, and thus could not have been part of the Administrative Record. See Pl.'s Br. 14, 2. Plaintiff alleges that she could not afford to seek a second opinion regarding her medical condition until she married her husband in 2010. See Pl.'s Br. 2. The non-existence of Plaintiff's proposed new medical evidence at the time of the ALJ hearing is a sufficient justification for the evidence not being presented to the ALJ, and establishes good cause for the evidence to be considered on remand. See Szubak, 745 F.2d at 833. Furthermore, Plaintiff's inability to obtain the proposed medical evidence and present it to the ALJ because of her financial situation is also a sufficient justification for the evidence not being presented to the ALJ. See id.

In conclusion, Plaintiff has met her burden of showing that the proposed new medical evidence creates a reasonable possibility that the ALJ may alter her decision on remand. Further, Plaintiff has illustrated that the proposed new medical evidence is not cumulative of the previous record, addresses her injuries from her 2005 fall, and describes symptoms that she complained of during the ALJ hearing.

## ORDER

The Court vacates the ALJ's decision denying Plaintiff Social Security benefits and remands this case to the ALJ. On remand, the ALJ shall consider Plaintiff's new evidence in properly determining Plaintiff's disability status. Further, the ALJ shall substantiate her findings with medical evidence, in accordance with the regulations of the Commissioner.

Dated: November 16, 2011                          *s/ Claire C. Cecchi*
                                                  HON. CLAIRE C. CECCHI
                                                  United States District Judge